FILED
MAR 19 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMILY REECE,

                Plaintiff,

v.

RUBBERMAID, INC., an Ohio Corporation,
                Defendant.

CV. 08-0051-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Plaintiff Emily Reece filed this action for strict products liability and negligence against Rubbermaid, Inc arising from the injuries she suffered after she fell from a Rubbermaid "ez step" folding stepladder. The court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendant's motion for an independent medical examination is now before the court. Defendants motion is granted in part, for the reasons set forth below.

Page 1 - OPINION AND ORDER

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 35, upon a party's motion for good cause, a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35. The court must determine that good cause supports the order. *Schlagenhauf v. Holder,* 379 U.S. 104, 118-119 (1964). In addition, the order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35.

## DISCUSSION

The parties do not dispute that Reece's physical condition is in controversy. Thus, good cause supports Rubbermaid's request for an independent medical examination. *Schlagenhauf,* 379 U.S. at 119. ("A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination.") (internal citation omitted).

Reece objects to an independent medical examination on three grounds. First, Reece argues that the forms that defense counsel asked her to fill out in advance of the examination amount to additional, improper interrogatories. Second, Reece asks the court to allow an audio recording of the exam. Finally, Reece notes that Rubbermaid has not provided the license and certification for the physician who will perform the examination.

### I.  Questionnaires

"To restrict a physician from questioning a patient during a physical examination unduly restricts the physician's ability to obtain the information necessary to reach medical conclusions."

Page 2 - OPINION AND ORDER

*Romano v. II Morrow, Inc.*, 173 F.R.D. 271, 273 (D. Or. 1997). Thus, in *Romano*, the court allowed the doctor to ask any questions necessary to conduct the exams and formulate an opinion and required that the plaintiffs fill out patient information sheets to the extent that it requested information relevant to their physical condition or the cause of the injury. *Id.* The plaintiffs, however, did not have to fill out questions related to their spouses' employment, the party who referred them to the physician's office, their private insurance or contact information. *Id.*

Here, Reece refuses to furnish answers to forms provided to her by defense counsel in advance of the medical examination. Reece, however, makes a blanket objection to the forms without describing the information they seek. In the interest of resolving this dispute in advance of the upcoming examination date, I direct Reece to fill out the forms if it is the physician's standard procedure to have patients complete those forms in advance of an examination. Reece, however, does not have to answer questions that are not related to her physical condition or the cause of the injury, such as information about her spouse, her insurance, or her contact information. If Reece believes that she needs further instruction from the court, she may file a motion outlining her specific objections to the forms.

## II.  Audio Recording

While no clear consensus has emerged in the body of case law addressing whether a party may record a Rule 35 medical examination, the federal cases that refuse to allow a recording device outnumber those that allow such procedures. *Morrison v. Stephenson*, 244 F.R.D. 405, 406 (S.D. Ohio 2007) (citing cases); *Holland v. United States*, 182 F.R.D. 493, 495 (D.S.C. 1998) ("[T]he majority of federal courts have rejected the notion that a third party should be allowed, even indirectly through a recording device, to observe a Rule 35 examination).

Page 3 - OPINION AND ORDER

Moreover, this district has previously refused to allow a third party to observe a physical examination. *See Romano*, 173 F.R.D. at 274.

I find the reasoning in the weight of authority persuasive. Courts who refuse to allow a recording note that a recording would constitute a distraction that diminishes the accuracy of the process and could inject a "partisan atmosphere into what should be otherwise a wholly objective inquiry." *Id.* (citing *Shirsat v. Mutual Pharm. Co.*, 169 F.R.D. 68, 70-71 (E.D. Pa. 1996); *see also Barrett v. Great Hawaiian Cruises, Inc.*, No. 96-00257, 1997 U.S. Dist. LEXIS 22235, at *5-6 (D. Haw. Sept. 17, 1997). Courts have also reasoned that a recording undermines Rule 35 because it gives the plaintiff an evidentiary tool unavailable to the defendant and thus thwarts the rule's attempt to place parties "on a somewhat equal footing" in their efforts to appraise the plaintiff's condition *Tomlin v. Holecek*, 150 F.R.D. 628, 632-633 (D. Minn. 1993); *Holland*, 182 F.R.D. at 495. In addition, a party seeking to record an examination already has right to demand a copy of the physician's report, may use that report to depose and cross-examine the physician, and has the ability to introduce contrary expert evidence. *Tomlin*, 150 F.R.D. at 633. Finally, courts look to whether plaintiffs demonstrated a particular need for a recording of the examination. *Morrison*, 244 F.R.D. at 407-408 (denying party's request to videotape a psychological exam where there was no evidence suggesting that the tape would serve a beneficial purpose); *see also Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649, 654 (D. Kan. 2003) (allowing an audio recording of a psychological exam where the plaintiff presented evidence that the doctor had a history of ignoring court-ordered restrictions).

Here, Reece argues that Rubbermaid has failed to make a particularized showing that an audio recording will interfere with her physical examination. However, in light of the authority I

Page 4 - OPINION AND ORDER

reviewed above, it is Reece who must show a particular need for an audio recording. Thus, while I recognize that an audio recording imposes a limited intrusion on the examination process, I nonetheless deny Reece's request because she has not demonstrated any need for it.

### III.   Physician's License and Certification

Rule 35 provides for an examination "by a suitably licensed or certified examiner." Fed. R. Civ. P. 35. Rubbermaid, however, has not provided Reece with the license and/or certification information for the examining physician, Dr. Paul Puziss. Rubbermaid must provide this information to Reece as soon as possible so that Reece can assess whether the examination comports with the requirements of Rule 35.

### CONCLUSION

Defendant's motion for an order for plaintiff to submit to a physical examination (#70) is granted in part. Reece must complete the forms provided by defense counsel but may raise specific objections as outlined in the body of this opinion. I deny Reece's request for an audio recording of the examination. Rubbermaid must furnish Reece with information related to the examining physician's license or certification. If defendant fails to provide this information, or the license and/or certification is deficient, Reece may object to the examination on that ground.

IT IS SO ORDERED.

Dated this 19th day of March, 2009.

Honorable Paul Papak
United States Magistrate Judge